LAUREL, The (UNITED STATES v.). See Case No. 15,569.

## Case No. 8,121.

### The LAURENS.

[1 Abb. Adm. 302.] [1]

District Court, S. D. New York. June, 1848.

PRACTICE IN ADMIRALTY — INTERVENTION BY ATTORNEY IN FACT—SUBSTITUTION OF REAL OWNER—STIPULATION FOR COSTS.

1. Where an attorney in fact of an absent owner of property, intervened on his behalf by claim and answer, and the owner afterwards came within the United States, and moved to be allowed to defend in his own name,—*Held*, that he was entitled to do so on payment of costs of opposing the motion, and on entering into a new stipulation for costs.

2. An increased stipulation for costs should not be required from the claimants on account of a delay in the progress of the action, occasioned or obtained by the libellants.

This was a libel in rem, filed by the United States against the bark Laurens, and $20,-000 in specie on board her, alleged to be forfeited to the United States for being employed in the slave-trade, in contravention of the acts of congress of March 27, 1794, and May 10, 1800. The libel was filed March 15, 1848. On April 7th, following, George M. Usher intervened, by claim and answer, as attorney in fact of the firm of Suarez & Co., residents in Brazil, and set up a title in that firm to the $20,000 in specie libelled and attached in this cause, and also took issue upon all the allegations in the libel. On the 13th of April the original libel was amended, and on the 13th of May separate answers, but substantially the same as the first, were put in by the same attorney, both taking issue upon the allegations of the

[1] [Reported by Abbott Brothers.]

libel; and Manuel D'Arango Costa, one of the firm, at the same time filed his claim (by the same attorney) to the specie. A motion was now made on behalf of the claimant to permit the claim to the specie thus put in by D'Arango Costa to be withdrawn, and to allow Suarez, another member of the firm, now in the United States, to come in and claim the specie in his own name and right, as sole owner of it. This motion was opposed on the grounds on which it was based; and a cross-motion was also made, that if the leave asked were granted, it should be only on terms that the stipulation given for costs should be increased.

B. F. Butler and F. F. Marbury, for the United States.

O. Hoffman and O. Hoffman, Jr., for Suarez.

BETTS, District Judge. No laches on the part of Suarez are shown in this case which should deprive him of the privilege of placing himself rightly before the court in this somewhat complicated controversy. The transaction giving rise to this prosecution took place at Rio Janeiro, where all the claimants resided, and with which it is asserted on their part, they were connected by acts and interests independent of their copartnership relation. Mr. Usher, a general agent of the claimants, intervened in their behalf, on the arrest of the ship and specie, and filed answers and claims in the character of attorney in fact of the copartners, and also of an individual member of the firm; none of the actual parties in interest being then in the United States.

Mr. Suarez, now representing himself to be a member of the firm, and individual owner of the specie seized, asks to have the claim thereto interposed by Usher, as attorney in fact, withdrawn, and that he have leave to file a claim in his own right to that branch of the action. Nothing is brought before the court on the part of the United States which should prevent the grant of that privilege, or that should subject it to unusual conditions or impediments. No delay of the suit has been caused, nor have additional costs been created by the method of appearing and making claim; and all the interest the libellants have in the proceeding is that their indemnity against costs shall not be diminished.

Suarez may, accordingly, file a claim to the specie in his own right, on giving stipulation in $250. The former claim and stipulation will stand to cover antecedent costs and as a portion of the proceedings in the cause to the time the new claims shall be entered, and be either ordered by the court or admitted by D'Arango Costa, to be substituted for the prior claim to the specie. It is in consonance with the usages of all judicatories to make the proceedings in a suit subject to the direction of the real parties in in-

terest, and in admiralty the common practice is to have the action conducted in their names.

The United States insist that this motion ought to be denied, unless the applicant gives security for all costs which shall arise from the delay which may be incurred in taking testimony abroad, to meet the right he sets up in defence to this action. There is no face of equity in such claim. The libellants are to be presumed prepared to maintain their suit when they institute it, and there is no reason for exacting compensation to them for delays made by the libellants in their own preparation. No additional security for costs can be granted them for that cause. The equity would rather rest with the other side, and the claimant be allowed to exact an immediate trial of the case, or that the libellants indemnify him for expenses created by protracting the determination of the cause.

The importance of the case, in point of amount or of its consequences, ought not to vary the general rules of practice, and the government have no immunities or privileges in their prosecutions not shared in common by individual suitors.

It is therefore ordered, that Mrs. Suarez be authorized to appear in the cause, in his own name, and file an individual claim to the specie under arrest, on payment of the costs of this motion, and entering into a new stipulation for $250, leaving the former stipulations to stand to cover antecedent liabilities; and it is further ordered, that the application on the part of the United States for any additional stipulation be denied. Order accordingly.

The cause came again before the court on the merits, in July, 1849; when a decree was rendered declaring the vessel and cargo forfeited.

[The case was before the court in April, 1849, upon a motion to direct the marshal to pay the $20,000 into court. The order was made. Case No. 8,122.]